### EBEN J. BEANE *vs.* TINKHAM, REED & GIFFORD.

Goods were sold by A. to B. which, owing to a latent defect, proved to be unmerchantable. On discovering the defect, B. returned the goods and A. refused to receive them.  The bill for the goods which B. had paid bore a notice in red ink, "All claims for damage must be made immediately."

In *assumpsit* by B. against A. on A.'s implied warranty that the goods were merchantable:

*Held*, that the notice was not a part of the contract of sale, and did not, therefore, affect A.'s implied warranty that the goods were merchantable.

*Held*, further, that B. was entitled to claim his damages from A. within a reasonable time after discovering the defect.

EXCEPTIONS to the Court of Common Pleas.

*June* 18, 1883.  MATTESON, J.  This is an action of *assumpsit* for breach of warranty.

It appeared at the trial that the plaintiff purchased from the defendants, who were shoe manufacturers, a quantity of shoes; that when the shoes had been received by the plaintiff, they were examined by his agent, and, appearing to be all right, were placed in stock and paid for ; that, subsequently, when the shoes came to be tried on and worn by the plaintiff's customers, some of them were found to be of stock so poor that the button-holes would not stand ; that such a defect could not have been discovered by examination, and would only appear when the shoes were tried on, or worn ; that upon ascertaining this defect, the plaintiff notified the defendants of it and sent the shoes back to them : they, however, refused to receive the shoes, which were returned to the plaintiff. It also appeared that the bill or invoice of the defendants which accompanied the shoes contained a notice, printed in red ink across its top, that " All claims for damage must be made immediately."

The plaintiff's counsel requested the court to instruct the jury, that, notwithstanding this notice, if they were satisfied that the goods were defective, and that such defects were latent and not such as would be discovered by a careful examination, but, on the contrary, would only come to light after they had been tried on or worn, that the plaintiff would be entitled to a reasonable time after such discovery within which to claim an allowance. The court refused the request, and charged the jury that the notice was binding upon the plaintiff unless it had been waived by the defendants. The plaintiff thereupon excepted.

The notice on the bill or invoice formed no part of the contract of sale. Not being a part of the contract, it could not limit the liability of the defendants for breach of their implied warranty that the shoes were merchantable, nor restrict the right of the plaintiff to claim damages within a reasonable time after discovering the defects. We think, therefore, that the plaintiff was entitled to the instruction requested, and that the court erred in refusing it, and in the instruction given. The exceptions are sustained and a new trial granted.        *Exceptions sustained.*

*Walter B. Vincent,* for plaintiff.

*Louis L. Angell & W. C. Parker, Jun.,* for defendants.